In a petition for a rehearing appellant contends that we have overlooked the fact that the defendant Arvidson farmed the land under an oral lease. We have not overlooked the testimony to which appellant called our attention, viz., the testimony of John Arvidson. Ques. "I notice in this instrument that it provides that you should furnish the seed?" Ans. "Yes, but there was a verbal agreement right at the same time that we made the contract." But this is not all of John Arvidson's testimony. He said further. Ques. "You went into possession of this land under this contract didn't you?" Ans. "Under the contract, and the verbal agreement, that they were to furnish the seed and we were to divide the crop equally." Ques. "And you went on the land and remained in possession of the land ever since that time down to the fall of 1927?" Ans. "Yes." Ques. "And you farmed the land under that kind of an agreement down to *Page 641 
the fall of 1927?" He further testified that, "in the fall of 1925, I asked Mrs. Timm if she wanted another contract, and she said, No." The fall of 1925 was the date of the expiration of the written contract, and the fact that when it was about to expire Arvidson went to Mrs. Timm and asked her if she wanted another contract, conclusively shows, that he recognized the written contract as binding.
Appellant further contends, that we overlooked the recent case of Vincent v. Reynolds, 53 N.D. 749, 208 N.W. 158. In this he is also mistaken. The facts in this case are entirely different. The plaintiff in the case of Vincent v. Reynolds, purchased in 1923, a quarter section of land upon which there was an outstanding lease reserving the title in the crops. He knew about this lease and did not claim any interest in the crop for that year. He claimed that in the fall of 1923, he entered into an oral agreement with the tenant, by the terms of which he claimed that the old lease would remain in full force and effect, except, that he reduced the price from $4.50 an acre to $3.75 an acre. The old lease expired on March 4, 1924, and the court said: "It appears, therefore, that when the plaintiff and Hodson agreed that the latter should farm the land in 1924, the old lease was still in force. There was no holding over the term, within the provisions of § 6094, supra, with a resulting renewal of the old lease for another year. Neither does § 5345, supra, have any application for the obvious reason that, when the grant was made to plaintiff, the grantor had transferred all his rights under a lease to another person, and of this transfer the plaintiff had full knowledge. Plaintiff certainly never had the right to treat Hodson as a trespasser. He was on the land pursuant to an agreement, which the new owner said he made with him prior to the expiration of the original lease. He proved such an agreement himself, but, in the view of the trial court, he failed utterly to prove that the terms of the old lease were incorporated in the new. The trial court saw and heard the witnesses. This is not a case triable anew; it is an action at law properly triable to a jury. The findings of the trial court are presumed to be correct, unless clearly opposed to the preponderance of the evidence."
The case at bar is likewise a case at law, which was submitted to a jury with proper instructions, and the evidence shows that there was a written contract in full force and binding upon the parties, except, *Page 642 
the provision relating to the furnishing of seed and the division of grain. The defendant Arvidson testified to it himself, that he operated the land under the written lease and the oral agreement in relation to the furnishing of the seed and the division of the grain.
The case of Breher v. Hase, 54 N.D. 87, 208 N.W. 974 is not in point. In that case the court simply held, that the contract for the sale of land did not provide for a lien upon the crop after the date of the expiration of the contract, and, of course, the defendant not being a tenant or lessee, but the purchaser, did not hold over under § 6094, Comp. Laws 1913, and there was no claim made that he did.
It is the further contention of appellant that we have overlooked the fact that the claim of the plaintiff, Lydia Timm, was that she became interested in the note in suit about a year before the trial. The evidence is that the defendant wanted to raise stock on the plaintiff's farm. He did not have the money, the plaintiff did not have the money, and testified, that her husband advanced the money to the defendant for her, and when he took the note, he took it in his own name as he was doing the business. It is plaintiff's contention that the money was advanced for her, and the fact that the husband advanced it without taking any security from the defendant, is a strong corroborative circumstance. If the money was advanced to the defendant for the plaintiff, then it was an indebtedness due the plaintiff from the defendant, and it doesn't make any difference in whose name the note was taken. The evidence was sufficient to go to the jury, and the verdict is conclusive. The petition is denied.
BIRDZELL, CHRISTIANSON, BURR, and NUESSLE, JJ., concur. *Page 643